UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LYNN HARDY, | : |
| Plaintiff | : CIVIL ACTION NO. 3:22-1342 |
| v. | : (JUDGE MANNION) |
| JOELLEN THARRINGTON, | : |
| Defendant | : |

# ORDER

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that the plaintiff's §1983 claims be dismissed, the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, and the plaintiff be granted leave to amend to invoke diversity jurisdiction, if he is able to do so. (Doc. 9). The plaintiff has failed to file any objections to Judge Schwab's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give

some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff filed the instant action on August 29, 2022 alleging that the defendant, who claimed to own a prisoner assistance company, scammed him out of money in the amount of $2,500. (Doc. 1). Judge Schwab gave the complaint preliminary review and determined that it failed to state a claim upon which relief can be granted. (Doc. 9). Specifically, Judge Schwab found that the plaintiff invoked 42 U.S.C. §1983 in his complaint, but has not alleged what federal right or statute is at issue. Moreover, Judge Schwab found that the plaintiff has failed to set forth any allegations from which it can be inferred that the defendant acted under color of state law, a requirement in a §1983 action. As such, Judge Schwab concluded that the plaintiff failed to state a claim pursuant to §1983 upon which relief can be granted.

In his "Legal Claims" section, Judge Schwab found that the plaintiff lists "false advertising, deceptive business practices, theft, theft of services, [and] robbery," all state law claims. Assuming these claims are related to the §1983 claim the plaintiff attempted to bring, Judge Schwab found that the

claims would fall within the court's supplemental jurisdiction. Given the dismissal of the plaintiff's §1983 claims, Judge Schwab found that, in its discretion, the court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

Finally, although the plaintiff has failed to state a claim pursuant to §1983 and, as a result, the court should decline to exercise supplemental jurisdiction over his state law claims, Judge Schwab offers that the court may have diversity jurisdiction over the plaintiff's state law. While the plaintiff has not alleged diversity jurisdiction, Judge Schwab points out that he indicates that he is a resident of Freestone County, which is presumably in Texas where he is currently incarcerated[1], and that the defendant is a resident of Lackawanna County, Pennsylvania. As such, Judge Schwab recommends that the plaintiff be given leave to amend his complaint to assert, if he can honestly do so, diversity jurisdiction. The requirements for the plaintiff to be able to do so have been set forth in Judge Schwab's report and will not be repeated herein.

As stated previously, the plaintiff has not objected to any part of Judge Schwab's report and recommendation. Upon review, the court finds no clear

---

[1] The court takes note that there is a Freestone County in Fairfield, Texas.

error of record. Moreover, the court agrees with the sound reasoning which led Judge Schwab to her conclusion that the complaint should be dismissed without prejudice and with leave to amend. As such, the court will adopt the report and recommendation as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Judge Schwab **(Doc. 9)** is **ADOPTED IN ITS ENTIRETY AS THE DECISION OF THE COURT**.

(2) To the extent the plaintiff attempts to set forth a claim pursuant to 42 U.S.C. §1983, the plaintiff's complaint **(Doc. 1)** is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

(3) With the dismissal of the plaintiff's §1983 claims, the court declines to exercise supplemental jurisdiction over the plaintiff's supplemental state law claims.

(4) The plaintiff will be **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT** properly setting forth the requirements for diversity jurisdiction as outlined in Judge Schwab's report and recommendation, if he is able to do so.

(5) The plaintiff shall file his amended complaint **on or before February 24, 2023**.

(6) To the extent the plaintiff fails to file his amended complaint in a timely manner, the instant action will be dismissed without prejudice.

(7) The instant action is **REMANDED** to Judge Schwab for all further proceedings.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 7, 2023**
22-1342-01